### Vecchio, Jr. *against* Howard.

Avowry by defendant for rent arrear by tenant.   Plaintiff, (a third person,)
    pleads no rent arrear.   The affirmative is with defendant.

A special agreement between landlord and tenant in the nature of an accord
    and satisfaction may be given in evidence by the plaintiff, under the plea
    of no rent arrear.

The affidavits of landlord defendant on taking out his distress warrant, and
    averred in his avowry, and not denied in plaintiff's plea, are not evidence
    for him on such issue.

Nor can defendant use the plaintiff's affidavit of ownership in the proceed-
    ings in replevin, to rebut the accord and satisfaction offered in evidence,
    under the plea of no rent arrear.

Replevin by third person claiming the articles as owner.

Avowry, for rent arrear, by tenant and distress *inde.*

Plea, no rent arrear and issue.

The plaintiff being about to open the case, the defend-
ant's counsel insisted that he held the affirmative of the is-
sue, and had the right to begin.

*Brady,* for plaintiff, contended that the plea admitted all
the allegations of the avowry, and that consequently the
defendant had nothing to prove, and that, therefore, the
*onus* was with the plaintiff.

Vecchio, Jr. v. Howard.

*Anthon*, for defendant, replied that rent arrear was affirmatively averred in the avowry and denied by plaintiff's plea, and that consequently the defendant was bound to sustain his averment so traversed.

KENT, C. J.  The affirmative of the only issue joined, is clearly with the defendant, and he must begin.

The defendant, Howard, in the year 1842, demised certain premises in Fulton street, in the city of New York, to Vecchio, senior, the father of the plaintiff, for one year, at a rent of $800, payable quarterly.  In the month of February, 1843, the tenant being in arrear, the landlord came to his store, and proposed to his son (not the plaintiff,) that he would take in payment, for the rent arrear and the rent to accrue up to the end of the term, a certain painting of Washington ; to this the son replied that his father had been offered $1000 for it.  The landlord then stated that he would take the picture, and if the tenant could find a purchaser for it at that price within one year, he would take his rent out of the proceeds, and pay over to him the balance.  The son reported this conversation to his father and to his brother, the plaintiff, who was then the owner of the picture; they assented to the proposal, but such assent was never communicated to the defendant.  On the day following the conversation, the picture was sent to defendant's house.  In the month of May, shortly after the close of the demise, the picture was returned by the landlord to the tenant, who still occupied the same premises on a new demise, and was immediately afterwards seized with other property, by the landlord, under a distress warrant for rent arrear.  Vecchio, Jr., the plaintiff, replevied the whole of the property seized, the picture included, claiming to be owner.

*Anthon* insisted that this evidence, if it proved anything, showed a special contract of accord and satisfaction, *in fieri*, at the time of the distress, and, if of any value, ought to have been made the subject of a special plea, and did not sustain the plea of "no rent arrear." He also contended that, to make the proposition of the defendant a valid contract, conveying to him the title to the picture, and discharging the rent, there ought to have been evidence of an express communication to the defendant of the assent of the plaintiff.

*Brady, contra.*

KENT, C. J. I think the evidence is legally applicable to the plea, and if the jury find the contract, that there has been payment.

The counsel for the defendant, in arguing to the jury on the question of contract, pressed into his service the affidavit of the landlord of rent arrear, accompanying the distress warrant which had been read to the jury by plaintiff. And also the affidavit of ownership on the part of the plaintiff, required by the statute to authorize the writ of replevin. To this the counsel for the plaintiff objected, and the court ruled that said affidavits were not to be considered in evidence, and could not be alluded to.(1)

(1) These affidavits were necessary to sustain the proceedings of the several parties, the right to distrain on the one side, and the right to replevy on the other. Having performed this function, they are of no further avail, except, it would seem, for the purpose of being falsified by the opposite party, where that becomes material.

Thus, in questions arising under limited partnerships, the affidavit of the limited partner, that he has paid in his capital according to the statute, having performed its function in the creation of such partnership, it is of no

Vecchio, Jr. v. Howard.

It was finally left, by the judge, to the jury, to say whether there was such a contract, and they found that fact in the negative, and there was

Verdict for defendant for his rent, &c.(2)

*Brady*, for plaintiff.

*Anthon*, for defendant.

further avail in his favor, when directly assailed by proof of its falsehood. *Madison County Bank* v. *Gould*, 5 Hill, 309.

So also the preliminary proofs of loss, required by the policy of insurance against fire, are not evidence for the plaintiff, to any extent, when they are assailed, and a forfeiture insisted on for false swearing. *Howard* v. *City Fire Ins. Co.*, 4 Denio, 508.

When such affidavits and documents are introduced as admissions against the parties making them, which may be done to any extent, the party in return will have the full benefit of all the allegations and qualifications introduced by them into such documents. It does not seem clear that the exclusion of the plaintiff's affidavit of ownership in himself, was, in this case, correct. It tended to weaken materially the defence of accord.and satisfac-. tion.

(2) An application was made to the supreme court for a new trial, in this cause, but it was denied.